# COVINGTON & BURLING

1330 AVENUE OF THE AMERICAS  
NEW YORK, NY 10019  
TEL 212.841.1000  
FAX 212.841.1010  
WWW.COV.COM

NEW YORK  
WASHINGTON  
SAN FRANCISCO  
LONDON  
BRUSSELS



USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 1/14/08

January 9, 2008

*By Hand*

Honorable William H. Pauley  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street, Room 2210  
New York, New York 10007

Re: *Segatt v. GSI Holdings Corp. et al.*, 07 CV 11413 (WHP)

Dear Judge Pauley:

I represent defendants Charlesbank Equity Fund V, Limited Partnership, CB Offshore Equity Fund V, L.P., Charlesbank Equity Coinvestment Fund V, Limited Partnership, Charlesbank Coinvestment Partners, Limited Partnership, Charlesbank Equity Fund V GP, Limited Partnership, and Charlesbank Capital Partners, LLC in this matter. I write to seek an extension of time to answer or move with respect to Plaintiff's complaint.

In its complaint, Plaintiff asserts one claim under Section 10(b) of the Exchange Act, seven claims under Section 20(a) of the Exchange Act, as well as common law claims for fraud, breach of contract, unjust enrichment and breach of fiduciary duty. Most or all of my clients were served with the complaint on or about December 21, 2007, which would result in a deadline to move or answer of January 10, 2008. I understand that lead defendants GSI Holdings Corp. and William J. Branch were not served with the complaint until late last week, on or about January 3 or January 4, 2008.

I seek an extension, first, because much of the factual information relevant to the allegations in the complaint is in the possession of the lead defendants, in which my clients were investors. Second, my clients were served during the holiday period, which makes a prompt response difficult. And third, a uniform response date for all defendants is preferable to forcing my clients to answer or move first, followed weeks later by an answer or motion from the lead defendants.

The request for an extension was raised with counsel for Plaintiff who was willing to agree to an extension for all defendants until February 11. However, he recently conditioned his agreement on Defendants agreeing to hold a Rule 26(f) conference within two weeks of that date. I and counsel for the lead defendants pointed out my intention to move to dismiss the securities law claims, which pursuant to 15 U.S.C. Section 78u-4(b)(3)(B) will result in a

COVINGTON & BURLING

Honorable William H. Pauley
January 9, 2008
Page 2

stay of discovery. I also explained that, in my experience, where there is a motion to dismiss securities law claims and a resultant stay of discovery, courts in the Southern District typically dispense with Rule 26(f) conferences until after a decision is rendered on the motion to dismiss. Plaintiff's counsel nonetheless insisted on the Rule 26(f) conference, absent a court order to the contrary, as a condition for extending and harmonizing Defendants' time to answer or move.

     I apologize that this request is made the day before our deadline, but a request for the extension was made earlier in the week to Plaintiff's counsel, who initially conveyed his willingness to agree, and it was only this afternoon that the Rule 26(f) condition was raised, resulting in an impasse.

     I therefore respectfully request that Defendants' time to answer or move with respect to Plaintiff's complaint be extended, as Plaintiff's counsel conditionally was willing to do, until February 11, 2008.

Respectfully submitted,

David W. Haller

cc:    Mark P. Zimmett, Esq.
        Joseph C. Crawford, Esq.
        (by email and First Class Mail)

Application Granted

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
1/10/08