LAW OFFICES OF

# MARK P. ZIMMETT

126 EAST 56TH STREET
NEW YORK 10022

(212) 755-0808
FAX: (212) 755-0888



mzimmett@mpzlaw.com

January 10, 2008

**BY HAND**

Hon. William H. Pauley III
United States District Court Judge
United States District Court for
 the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Segatt v. GSI Holdings Corp.
> et al., 07 CV 11413 (WJP)
> (ECF CASE)
> <u>(U.S. Dist. Ct., S.D.N.Y.)</u>

Dear Judge Pauley:

    I am counsel for Plaintiff in the above-entitled action. I write in response to the January 9, 2008 letter of David Haller, counsel for the Charlesbank Defendants, who seeks additional time to answer or move against the complaint and to delay the Rule 26(f) conference of all counsel.

    I do not oppose the February 11, 2008 date requested by Mr. Haller for Defendants to answer or move, but having failed to obtain the consent of Defendants' counsel, I request that you direct that a Rule 26(f) conference be held two weeks after the answers or motions are served. Alternatively, you may wish to consider the timing of the Rule 26(f) conference at the pre-motion conference prior to Defendants' motion(s) to dismiss.

    I spoke to Mr. Haller prior to filing this action. His law firm represented Defendants in the transactions that gave rise to the action. We spoke again shortly after I filed the action. He told me that he expected his firm would not be handling the defense of the case. I heard nothing further until Monday of this week, January 7, when counsel for the co-Defendants (to whom Mr. Haller refers as the "lead defendants"), called at Mr. Haller's request and on behalf of his own clients to discuss a schedule. We had no substantive discussion. Because Mr. Haller had told me he did not expect to be involved, I thought it best that he speak for himself. I suggested a conference call for the next day, Tuesday. I was told Mr. Haller was unavailable on Tuesday. So, we had the conference call the following day, yesterday, January 9.

    Defendants' counsel requested a month to move or answer. I suggested February 11. I requested that we schedule the Rule 26(f) conference for February 25. They would not agree. Mr. Haller's tell-tale explanation was that he did "not want to shift the burden."

Hon. William H. Pauley III
January 10, 2008
Page 2

     Scheduling a Rule 26(f) conference is not supposed to burden the Plaintiff (or anyone). It is required to be held "as soon as practicable." Fed. R. Civ. P. 26(f). The Private Securities Litigation Reform Act ("PSLRA") stays "discovery and other proceedings" pending a motion to dismiss a securities fraud action. 15 U.S.C. § 78 u-4(b)(3)(B). A Rule 26(f) conference is neither discovery nor a proceeding. It is a conference among counsel to discuss, among other things, document production issues arising from a party's document retention program or software systems, such as location, accessability and form or documents and compatibility of the parties' systems and their capabilities. Counsel are also required to discuss issues concerning document preservation, a discovery plan and settlement. No interrogatories or other discovery notices are served. No information or documents are gathered or disclosed at the conference.

     But the conference makes it possible to prepare for future discovery and to be able to proceed promptly if the motion to dismiss does not dispose of the action.

     Our research has found no caselaw in the Southern District or in the Second Circuit as to whether the PSLRA stays a Rule 26 (f) conference (as distinct from the stay of Rule 26(a) disclosures). We have found only two cases nationwide, and they are split. <u>Levy v. United Healthcare Corp.</u>, No. Civ. 3-96-750, 1996 WL 1031813 (D. Minn. Sept. 10, 1996) held that the conference is not stayed. The court reasoned that to stay the conference:

> ... would run counter to the views of the Advisory Committee, as expressed in its Notes to the 1993 Amendments to Rule 26(f), that "[t]he obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have filed an answer in the case."

     <u>Pedroli v. Bartek</u>, No. 4:07-CV-43, 2007 WL 1480967 (E.D. Tex. May 18, 2007) held otherwise ("any scheduling order at this time would be a document without concrete dates or deadlines.").

     But there is a valuable opportunity to take advantage of the time afforded by the motion(s) to dismiss to prepare for discovery and resolve the above issues so the case can move forward more quickly and smoothly.

     Mr. Haller not only does not want to confer about the issues noted above, he does not even want to schedule a conference. There is no legitimate objective to be served in delaying the Rule 26(f) conference.

     <u>Please schedule the conference for two weeks after the answer(s) or motion(s) are served, or alternatively, schedule the Rule 26(f) conference at the pre-motion conference on the motion to dismiss.</u>

Respectfully,

Mark P. Zimmett   *Application Denied.*

MPZ:art

cc:   Joseph C. Crawford (via email)
      David W. Haller (via email)

**SO ORDERED:**

_____
**WILLIAM H. PAULEY III U.S.D.J.**